UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| RICHARD EMANUELE, SR., | |
| Plaintiff, | Case No. 2:12-CV-204-KJD-PAL |
| v. | **ORDER** |
| LORNE ANDERSON, *et al*., | |
| Defendants. | |

Presently before the Court is Plaintiff's Motion to Remand, Motion to File a Second Amended Complaint and Motion for Attorney Fees (#8). Defendant filed a response in opposition (#9) to which Plaintiff replied (#11). In addition, Defendant filed a Counter-motion for Attorney Fees (#10). Plaintiff filed a response in opposition (#12) to which Defendant replied (#13).

I. Background and Procedural History

Plaintiff filed his complaint on April 14, 2011 in the Eighth Judicial Court, Clark County, State of Nevada. Plaintiff alleged that Defendants were liable for injuries incurred by an automobile accident which occurred on April 16, 2009 in Las Vegas, Nevada, including general damages for past and future pain and suffering, extreme anxiety, emotional distress, and discomfort. Plaintiff additionally alleges damages for all past and future medical expenses, loss of income and/or earning capacity, attorney's fees, and cost of suit incurred.

1    Plaintiff moved the state court for an additional 90 days to serve Defendant Lorne Anderson
2 ("Anderson"), a Canadian resident. After several failed attempts by Plaintiff, Defendant was
3 eventually served in accordance with the International Hague Convention. Plaintiff amended the
4 complaint to include allegations that Defendant Anderson "was, and still is, a resident and/or citizen
5 of Canada who has never resided in the state of Nevada or any other of the United States." Defendant
6 Anderson filed his answer to the amended complaint on November 11, 2011.
7    On November 22, 2011 Plaintiff filed a request for exemption from the Clark County
8 Mandatory Arbitration Program, alleging Plaintiff suffered over $586,000 of damage caused by the
9 automobile accident.
10    At the Early Case Conference, the attorneys discussed Defendant's assertion that the rental
11 car companies were exempt from liability because they were not served within 120 days and they
12 were further exempt under NRS 482.305(4) because 1) they had the necessary statutory coverage, 2)
13 they were only secondary to the policy, and 3) Anderson's primary insurance under the policy has
14 accepted the defense. However, this statute would not exempt the car rental companies from the
15 claim that they acted negligently.
16    Defendant Anderson's counsel asked that the rental car companies formally be dismissed
17 from the complaint in order to "clean up the pleadings." Plaintiff alleges that the only reason he
18 dropped the rental car companies was because Defendant refused to sign the Joint Case Conference
19 Report, until Plaintiff filed an amended complaint dropping the rental car companies. Plaintiff also
20 asserts that he only voluntarily dismissed the rental car companies on Defendant's promise that he
21 would not oppose an attempt to join them at a later date. Once Plaintiff voluntarily dismissed the
22 rental car companies from the complaint, Defendant removed the action to federal court under 28
23 U.S.C. §1441(b) (Diversity).
24 ///
25 ///
26 ///

Plaintiff then filed the present motion seeking leave to file a second amended complaint to add claims against the rental car companies, remand the case back to state court, and award fees and costs incurred as a result of the removal. In addition, Plaintiff contends that removal was improper because the Defendant has not established that the amount in controversy exceeds $75,000.

II. Motion to File a Second Amended Complaint

Under Rule 15(a)(2) "a party may amend its pleading with… the court's leave. The court should freely give leave when justice so requires." The Court considers (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party. *United States v. Pend Oreille Pub. Util. Dist.*, 926 F.2d 1502, 1511 (9th Cir. 1991). Futility of amendment includes a claim that would be subject to dismissal. *Moore v. Kayport Package Express, Inc.,* 885, F.2d 531, 538 (9th Cir. 1989). Amending the complaint to assert claims against the rental car companies would be futile, because the statute of limitations for "an action to recover damages for injuries to a person or for the death of a person caused by the wrongful act of neglect of another" is two years. NEV. REV. STAT. 11.190 4(e). Accordingly, the complaint against the rental car companies needed to be filed within two years of the auto accident or by April 16, 2011. Therefore, the proposed claims are barred by the statute of limitations making amendment futile. Therefore, Plaintiff's motion to amend is denied.

III. Motion to Remand

Federal courts have removal jurisdiction only if there is original jurisdiction over a suit. 28 U.S.C. § 1441(a). Furthermore, there is a strong presumption against removal jurisdiction, which means that the defendant always has the burden of establishing that removal is proper. *Guas v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992). In effect, a party seeking removal must show that there is complete diversity between the parties and more than $75,000 in controversy pursuant to 28 U.S.C. § 1441(b).

///

///

///

Generally, the amount in controversy is determined from the face of the pleadings. *Crum v. Circus Circus Enters.*, 231 F.3d 1129, 1131 (9th Cir. 2000). Plaintiff provided medical bills in the amount of $586,000 enabling Defendant to demonstrate that the amount in controversy exceeded $75,000. Plaintiff voluntarily dismissed all car rental companies making the parties completely diverse.[1] Therefore, removal was appropriate and the motion to remand is denied.

IV. Attorney Fees

Plaintiff sought attorney's fees in accordance with 28 U.S.C. § 1447(c) which states that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court held that "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. Defendant's removal was objectively reasonable, because the Plaintiff voluntarily dismissed the parties, creating complete diversity, and the amount in controversy exceeded $75,000. Therefore, the Court denies Plaintiff's motion for attorney fees.

In addition, Defendant's counter-motion for attorney fees must be denied because, although, Plaintiff's motion to amend was futile, Defendant has not complied with FRCP Rule 11(c)(2). Therefore, Defendant's motion for attorney's fees is denied.

///
///
///
///
///

---

[1] Plaintiff is the master of his complaint and was under no duty to voluntarily dismiss the claims against the rental car companies in state court. Plaintiff's failure to diligently pursue claims against the rental car companies by serving them with the complaint and actively litigating the claims does not now require the court's intervention.

4

IV. Conclusion

Accordingly, **IT IS HEREBY ORDERED** that Plaintiffs Motion to Remand, File a Second Amended Complaint, and Attorney Fees (#8) is **DENIED**.

Defendant's Counter-motion for Attorney Fees (#10) is **DENIED**.

DATED this 5th day of June 2012.

_____
Kent J. Dawson
United States District Judge